IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN RAY WILKERSON | * | |
| Plaintiff | * | |
| | * | |
| v | * | Civil Action No. JFM-11-1968 |
| | * | |
| LIEUTENANT ADISA | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM

The above-captioned case concerns plaintiff's allegations of excessive force used against him by defendant. ECF No. 1 and 5. During the pendency of the case plaintiff filed a request for emergency help which was construed as a motion for preliminary injunctive relief. ECF No. 9. This court issued an order requiring counsel for the Division of Correction to respond to plaintiff's allegation that all of his legal materials were confiscated. ECF No. 10. That response has been filed and the matter regarding injunctive relief is ripe for this court's review. ECF No. 16.

In his motion plaintiff claimed he was transferred to Roxbury Correctional Institution (RCI) where he was not given his property or his legal materials. ECF No. 9. The response indicates that plaintiff was transferred to RCI where he was housed from November 14, 2011 to December 12, 2011. ECF No. 16 at Ex. 2. The response asserts that plaintiff's request for injunctive relief is moot because he is no longer housed at RCI and will not be confined there during the remainder of his incarceration.[1] There is nothing provided in the response concerning plaintiff's legal materials; however, plaintiff states in his reply that his legal materials were returned to him on November 26, 2011. ECF No. 17 at p. 1.

---

[1] Plaintiff is due to be released in March, 2012.

1

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). To obtain a preliminary injunction, a movant must demonstrate: 1) that he is likely to succeed on the merits; 2) that he is likely to suffer irreparable harm in the absence of preliminary relief; 3) that the balance of equities tips in his favor; and 4) that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc*, 555 U.S. 7, 129 S.Ct. 365, 374 (2008); *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, _U.S. _, 130 S.Ct. 2371, 176 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam).

The return of plaintiff's legal materials rendered moot his request for injunctive relief. "The inability of the federal judiciary to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *United States v. Hardy*, 545 F. 3d 280, 283 (4th Cir. 2008) (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)). Plaintiff's request for preliminary injunctive relief will be denied.

This court issued an order requiring service of the complaint on October 31, 2011. ECF No. 8. The order and the complaint were sent to counsel as well as the litigation coordinator at Maryland Correctional Institution at Jessup (MCIJ) where defendant is allegedly employed. Counsel indicated on December 5, 2011, that service was refused on behalf of Lt. Adisa, but indicates a response to the complaint is due on December 20, 2011. ECF No. 11. Nothing regarding acceptance or refusal of service had been received from the litigation coordinator at MCIJ. To date, no substantive response to the complaint has been filed. Counsel will be provided an opportunity to provide the court with an explanation regarding the status of service

in this case and, if defendant is no longer employed with the state, provide under seal an address where he can be served. A separate order follows.


___February 21, 2012___              ____/s/_____
Date                                 J. Frederick Motz
                                     United States District Judge