IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**STEVEN RAY WILKERSON (#413-211)** *
Eastern Correctional Institution-Annex
30420 Revells Neck Road *
Westover, Maryland 21890
 *
    Plaintiff
v. * Case No.: 1:11-cv-1968-JFM

**LIEUTENANT DAMILARE ADISA** *
Maryland Correctional Institution-Jessup
P.O. Box 549 *
Jessup, Maryland 20794
 *
    Defendant
 *
    *    *    *    *    *

## SECOND AMENDED COMPLAINT

Plaintiff Steven Ray Wilkerson (#413-211), by his attorneys, hereby files this Second Amended Complaint against Lieutenant Damilare Adisa and states as follows:

## STATEMENT OF JURISDICTION

1. This action arises under 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution. This Court therefore has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

2. This Court has jurisdiction over Count II (Battery count) pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

## THE PARTIES

3. Plaintiff Steven Ray Wilkerson (#413-211) ("Plaintiff") is an inmate in the Maryland State Correctional system. Plaintiff is housed presently at Eastern Correctional Institution-Annex, 30420 Revells Neck Road, Westover, Maryland 21890. In June 2011,

Plaintiff was a correctional inmate housed in the Maryland Correctional Institution in Jessup, Maryland (referred to herein as "MCI-J").

4.      Lieutenant Damilare Adisa ("Lt. Adisa" or "Defendant") is a correctional officer and an employee of the Maryland Department of Public Safety and Correctional Services ("DPSCS").  In June-July 2011, Lt. Adisa was employed by the DPSCS at MCI-J.

**FACTS**

5.      On the afternoon of June 20, 2011, at around 2:10 p.m., Plaintiff was in the medical department at MCI-J to receive his afternoon medication.  On June 20, Plaintiff was experiencing problems with neck pain and had recently undergone x-rays of his neck.  A correctional officer in the medical department instructed Plaintiff to return to his housing unit and Plaintiff left the medical department.  As Plaintiff went down the steps from the medical department, Plaintiff observed correctional officers beating another inmate and Plaintiff was ordered by a correctional officer to turn around and return to the medical department.

6.      As Plaintiff was returning to the medical department, he observed Lieutenant Damilare Adisa and another correctional officer assaulting another inmate, Lauron Hoyle.  Lauron Hoyle was handcuffed and taken away.

7.      When Plaintiff returned to the medical department, the correctional officer in the medical department, Officer White, yelled at Plaintiff and asked Plaintiff why he was returning to the medical department.  Plaintiff told Officer White that he and the other inmates had been ordered to return to the medical department.  Officer White instructed Plaintiff and the other inmates to go into a holding cell (known as the "bullpen") and Plaintiff went into the bullpen with the other inmates and Officer White shut and locked the door to the bullpen.

2

8. Shortly after Plaintiff sat down inside the bullpen on a bench, Lt. Adisa came into the medical department and stated angrily that he was "looking to fuck an inmate up!" Plaintiff was sitting near the door to the bullpen and Plaintiff asked Lt. Adisa: Why? – Plaintiff and the other inmates had not done anything to Lt. Adisa. In response, Lt. Adisa approached the bullpen and told Officer White to open the door to the bullpen. Office White opened the door and Lt. Adisa went into the bullpen and grabbed Plaintiff where Plaintiff was seated on the bench near the door. Lt. Adisa put one hand on Plaintiff's neck and the other hand on Plaintiff's shirt and Lt. Adisa lifted Plaintiff up in this manner partially choking Plaintiff. As soon as this happened, the other inmates in the bullpen started yelling at Lt. Adisa telling him to stop because of Plaintiff's neck condition. A female correctional officer, Officer Bey, approached Plaintiff and was grabbing Plaintiff's shirt and Officer Bey stated to Lt. Adisa: "I got it." Lt. Adisa replied: "No, let him go, I have him." Officer Bey let go of Plaintiff and Lt. Adisa then, with his two hands, forcefully and maliciously swung Plaintiff out of the bullpen and slammed Plaintiff hard against a concrete wall and metal door outside of the bullpen causing Plaintiff to hit his head and snap his neck against the wall and metal door. Lt. Adisa slammed Plaintiff so hard against the wall and metal door that it knocked the wind out of Plaintiff. As Plaintiff bounced off the wall, Lt. Adisa slammed Plaintiff against the wall a second time and Plaintiff felt something pop in his back. Plaintiff felt extreme pain immediately in his back and neck and started screaming in pain.

9. As Plaintiff was screaming, Lt. Adisa and Officer Bey grabbed Plaintiff and took Plaintiff out of the medical department to the office of Major Wilson. Major Wilson had been standing outside of the medical department during the incident and Major Wilson witnessed Lt. Adisa's assault on Plaintiff. Plaintiff was in extreme pain, but Lt. Adisa pushed Plaintiff into a chair and desk in the waiting area outside of Major Wilson's office. Plaintiff was told to shut up

3

and was forced to sit in the waiting area. Plaintiff was asked what he was planning to do and Plaintiff stated he wanted to file criminal assault charges against Lt. Adisa. Plaintiff was told he would be put into lock-up (solitary confinement) if he filed assault charges. Plaintiff requested medical assistance, but was told to return to his housing unit and to fill-out a sick-call slip if he was in such bad shape. Plaintiff returned to his housing unit.

10. Shortly after the incident on June 20, the DPSCS's Internal Investigations Unit ("IIU") commenced an investigation of Lt. Adisa concerning the assaults on Plaintiff and Lauron Hoyle.

11. After the commencement of the IIU investigation, on or about July 10, 2011, Plaintiff was admitted to Howard County General Hospital due to complaints of chest pain. While Plaintiff was an in-patient at Howard County General Hospital, one late evening Lt. Adisa came into Plaintiff's hospital room by himself while Plaintiff was shackled to the hospital bed and Lt. Adisa threatened to kill Plaintiff and said that he could cover it up by making it look like a medical accident. Plaintiff felt shocked and threatened by this behavior.

12. Ever since Lt. Adisa slammed Plaintiff against the wall on June 20, 2011, Plaintiff has experienced chronic, severe pain in his neck and back, and episodes of not being able to walk. Plaintiff presently is on pain medication for his neck and back pain and he recently underwent spinal surgery. Plaintiff has been experiencing weakness in his left side related to his neck and back pain. Plaintiff has been experiencing incontinence ever since the incident on June 20, 2011, including at the time of the incident itself when Lt. Adisa slammed Plaintiff against the wall.

4

## COUNT I (EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT)

13. Plaintiff incorporates by reference paragraphs One through Twelve as if fully set forth herein.

14. Under the Eighth Amendment to the United States Constitution, Plaintiff has a right to be free from the infliction of cruel and unusual punishment by Defendant Lieutenant Damilare Adisa.

15. Defendant Lieutenant Damilare Adisa while employed as a Maryland State Correctional Officer at MCI-J and under color of state law inflicted cruel and unusual punishment on Plaintiff by using excessive force against Plaintiff when Lt. Adisa grabbed Plaintiff and slammed Plaintiff against the wall several times on June 20, 2011, causing Plaintiff severe and permanent injury to his neck and back.

16. Lt. Adisa inflicted unnecessary and wanton pain and suffering to Plaintiff.

17. Lt. Adisa acted with actual malice towards Plaintiff.

18. As a result of Lt. Adisa's conduct, Plaintiff suffered substantial damages, including, but not limited to, extreme and permanent pain and suffering, permanent and debilitating injury to his neck and back, humiliation, mental distress, and monetary losses (past and future).

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendant Lieutenant Damilare Adisa:

    1) in the amount of $500,000 in compensatory damages;

    2) in the amount of $500,000 in punitive damages;

3) plus interest and costs of suit, and to grant such further relief as justice may require.

## COUNT II (BATTERY)

19. Plaintiff incorporates by reference paragraphs One through Eighteen as if fully set forth herein.

20. Defendant Lieutenant Damilare Adisa's conduct on June 20, 2011 constituted an intentional touching of Plaintiff by Lt. Adisa, and was undertaken deliberately and with actual malice.

21. As a result of Lt. Adisa's conduct, Plaintiff suffered substantial damages, including, but not limited to, extreme and permanent pain and suffering, permanent and debilitating injury to his neck and back, humiliation, mental distress, and monetary losses (past and future).

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendant Lieutenant Damilare Adisa:

1) in the amount of $500,000 in compensatory damages;

2) in the amount of $500,000 in punitive damages;

3) plus interest and costs of suit, and to grant such further relief as justice may require.

Respectfully submitted,

/s/Joseph S. Johnston_____
Joseph S. Johnston (Bar No. 28903)
Morgan Carlo Downs & Everton, P.A.
Executive Plaza III, Suite 400
11350 McCormick Drive
Hunt Valley, Maryland 21031
410-584-2800
443-584-2020 (facsimile)
jsjohnston@morgancarlo.com

*Counsel for Plaintiff*

7