**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

STEVEN RAY WILKERSON,                    *

      Plaintiff,                              *

    v.                                       *         Civil No. JFM-11-1968

LIEUTENANT ADISA,                         *

      Defendant.                          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## REPLY IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

    Defendant, Lieutenant Adisa, by his attorneys, Douglas F. Gansler, Attorney General of Maryland, and Stephanie Lane-Weber, Assistant Attorney General, in reply to Plaintiff's Opposition to his Motion for Summary Judgment, files this Memorandum of Law and states as follows:

## I.   Plaintiff's Claim.

    Mr. Wilkerson, an inmate  alleges in his Second Amended Complaint that Lt. Damilare Adisa used excessive force against him on June 20, 2011 near the medical bull pen at the Maryland Correctional Institution-Jessup (MCI-J),  violating the Eight Amendment of the federal constitution (Count I) and committing the state tort of battery (Count II). ECF Doc. No. 67.  For relief Plaintiff seeks $500,000.00 each for compensatory and punitive damages for each count.

## II.   <u>Factual Background</u>.

Mr. Wilkerson filed Administrative Remedy Procedure (ARP) ARP-MCIJ-039411 pertaining to the alleged assault by Lt. Adisa at MCI-J on June 20, 2011. See Motion for Summary Judgment, Exhibit 1, Declaration of Scott S. Oakley, Executive Director of the Inmate Grievance Office (IGO), at ¶3[1]. The Complaint filed in this case was filed on July 15, 2011. See Complaint, ECF Doc. No.  1**.**

## III.   <u>Attempting to Exhaust Administrative Remedies after a Complaint Is Filed Will Not Save a Case from Dismissal.</u>

Mr. Wilkerson's argument that he could not exhaust his administrative remedies because he could not gain entrance to the prison on June 7, 2012 for the administrative hearing after he was released, misses the mark. Because Mr. Wilkerson did not wait to file suit until he exhausted the administrative remedies, it is immaterial that he purportedly could not attend the last hearing. The Prison Litigation Reform Act of 1995, ("PLRA"), expressly and unequivocally mandates exhaustion of administrative remedies, stating:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (1996). *Anderson v. XYZ Correctional Health Services,* 407 F.3d 674, 677 (4th Cir. 2005)(exhaustion is mandatory); *Chase v. Peay,* 286 F. Supp.2d 523 (D. Md.

---

[1]An examination of Mr. Wilkerson's ARP shows that it was signed by Plaintiff on June 21, 2011. Exhibit A, ECF Doc. No. 69-3. In any event, the ARP was filed just before this suit was filed.

2003), aff'd *per curiam*, 2004 WL 1205695 (4ᵗʰ Cir. 2004) Indeed, the Supreme Court has emphasized the importance of exhaustion of administrative remedies, adhering to the proposition that an inmate is required to properly exhaust all administrative remedies. *Woodford v. Ngo,* 126 S. Ct. 2738 (2006). It is a mandatory exercise before a 42 U.S.C. sec. 1983 suit may be initiated. *Jones v. Bock,* 127 S. Ct. 910 (2007).[2]

Exhausting administrative remedies after a Complaint is filed will not save a case from dismissal for failure to exhaust administrative remedies. See, *Neal v. Goord*, 267 F.3d 116, 121-22 (2d Cir. 2001)(overruled on other grounds)(a Section 1983 action, citing numerous cases). Allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. See, *Neal*, 267 F.3d at 123. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. *Id.* Further, in *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain

---

[2]Mr. Wilkerson is a frequent filer of federal law suits and should have known the federal statutory requirement to exhaust administrative remedies. Prior to this suit, Mr. Wilkerson filed numerous federal civil rights suits.  See *Wilkerson v. Shearin*, Civil Action No. JFM 07-2463; *Wilkerson v. Warden*, Civil Action No. JFM 06-2649; *Wilkerson v. Warden*, Civil Action No. JFM 08-224; *Wilkerson v. Warden,* Civil Action No. JFM 09-954; *Wilkerson v. Sowers*, Civil Action No. JFM 03-3219; *Wilkerson v. Beitzel*, Civil Action No. JFM *05-1270;Wilkerson v. Divison of Correction*, Civil Action No. JFM 06-1211; *Wilkerson v. Dorthey*, Civil Action No. MJG 98-2333; *Wilkerson v. Hancock*, Civil Action No. JFM 10-419.

3

language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court. . . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court.[3]

**IV.**   **Conclusion**.

Defendant respectfully requests this Court to grant summary judgment in his favor.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland


_____/s/_____
STEPHANIE LANE-WEBER
Assistant Attorney General
Federal Bar No. 00023

St. Paul Plaza - 19th Floor
200 St. Paul Place
Baltimore, Maryland  21202
(410) 576-6340 (Telephone)
(410) 576-6880 (Telefax)
E-mail: slaneweber@oag.state.md.us

Attorneys for Defendant

---

[3]   See, *Blackburn v. South Carolina*, 2009 U.S. Dist. LEXIS 18398 (D.S.C., March 10, 2009), affirmed by, motion denied by *Blackburn v. South Carolina, 2010 U.S. App. LEXIS 25751* (4th Cir. S.C., Dec. 17, 2010); *Kaufman v. Baynard*, 2012 U.S. Dist. LEXIS 32557, 2012 WL 844480 (S.D. W. Va. Feb. 3, 2012), adopted by, dismissed by, summary judgment granted by *Kaufman v. Baynard*, 2012 U.S. Dist. LEXIS 32552 (S.D. W. Va., Mar. 12, 2012).